IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARLOS SADDLER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:16-CV-00363-AGF |
|  | ) |  |
| RONDA PASH, et al., | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner Carlos Saddler, who is represented by counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, federal habeas relief will be denied.

## BACKGROUND

The record establishes that, on February 27, 1998, Petitioner was sentenced in Missouri state court to a mandatory term of life without parole after being convicted of crimes he committed when he was under 18 years old.[1] On June 25, 2012, the United States Supreme Court issued its opinion in *Miller v. Alabama*, 567 U.S. 460 (2012), in which it held that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. The Court reasoned that "[m]andatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences," the "family and home environment that surrounds him—and from which

---

[1]   Petitioner was convicted of first-degree murder and armed criminal action.

he cannot usually extricate himself—no matter how brutal or dysfunctional," the "circumstances of the homicide offense," and "the possibility of rehabilitation . . . ." *Id.* at 477-78.

On January 27, 2016, in the case *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Supreme Court held that *Miller* announced a new substantive constitutional rule that applied retroactively to cases on collateral review. 136 S. Ct. at 736. But the Court clarified that this retroactive application "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* As to this remedy, the Court cited a Wyoming statute that allows a juvenile convicted of homicide to be eligible for parole after 25 years of incarceration. *Id.* (citing Wyo. Stat. Ann. § 6-10-301(c) (2013)). The Court specifically held that "[a]llowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.*

Based on *Miller* and *Montgomery*, Petitioner filed a petition for a writ of habeas corpus in state court on June 22, 2013. On March 15, 2016, the Missouri Supreme Court issued an order that applied to Petitioner's case and other similarly situated cases. The order stated that the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision in accordance with *Miller* and *Montgomery*. Therefore, the Missouri Supreme Court held that Petitioner and those similarly situated shall be eligible

to apply for parole after 25 years' imprisonment on their sentences of life without parole unless their sentences were otherwise brought into conformity with *Miller* and *Montgomery* by the action of the governor or enactment of necessary legislation. Following this ruling, Petitioner filed a motion for reconsideration or for resentencing in the Missouri Supreme Court.

On March 17, 2016, Petitioner filed this federal habeas petition, arguing that the Missouri Supreme Court's March 15, 2016 order violated his constitutional rights because it constituted an illegal alteration of the unlawful sentence imposed on Petitioner.

On July 19, 2016, the Missouri Supreme Court entered an order vacating its March 15, 2016 order, overruling as moot the motions for reconsideration or resentencing filed by Petitioner and others, and denying Petitioner's and others' state court petitions for habeas corpus, all in light of in light of the enactment of Missouri Senate Bill No. 590 ("SB 590"). SB 590, signed into law on July 13, 2016, and codified at Mo. Rev. Stat. § 558.047, states, in relevant part:

1. Any person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board a petition for a review of his or her sentence regardless of whether the case is final for purposes of appeal, after serving twenty-five years of incarceration.

. . . .

4. The parole board shall hold a hearing and determine if the defendant shall be granted parole.

5. In a parole review hearing under this section, the board shall consider, in addition to the factors listed in section 565.033:

3

(1) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available;

(2) The subsequent growth and increased maturity of the person since the offense or offenses occurred;

(3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence;

(4) The person's institutional record during incarceration; and

(5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

Mo. Rev. Stat. § 558.047. The additional factors listed in § 565.033 are:

(1) The nature and circumstances of the offense committed by the defendant;

(2) The degree of the defendant's culpability in light of his or her age and role in the offense;

(3) The defendant's age, maturity, intellectual capacity, and mental and emotional health and development at the time of the offense;

(4) The defendant's background, including his or her family, home, and community environment;

(5) The likelihood for rehabilitation of the defendant;

(6) The extent of the defendant's participation in the offense;

(7) The effect of familial pressure or peer pressure on the defendant's actions;

(8) The nature and extent of the defendant's prior criminal history, including whether the offense was committed by a person with a prior record of conviction for murder in the first degree, or one or more serious assaultive criminal convictions; [and]

(9) The effect of characteristics attributable to the defendant's youth

on the defendant's judgment . . . .

Mo. Rev. Stat. § 565.033.

Petitioner now argues that the passing of SB 590 does not affect the merits of his habeas petition. Petitioner contends that the passage of SB 590 at the behest of the Missouri Supreme Court through its March 15 Order violates the separation of powers; and that SB 590 does not provide an adequate remedy under *Miller* and *Montgomery* in any event because it does not provide a meaningful opportunity for release, or for consideration of Petitioner's youth and immaturity at the time of his offense and his subsequent rehabilitation. Petitioner contends that the language in *Montgomery* suggesting that a *Miller* violation may be remedied by ordering the juvenile offender to be considered for parole was merely dicta. Petitioner further argues that his habeas petition should not be dismissed for failure to exhaust because it would be futile to seek any further relief in the state court.

In response, Respondent argues that Petitioner's habeas claims are moot because SB 590 makes Petitioner eligible for parole, a remedy recognized by *Montgomery* as permissible to cure *Miller* violations. Respondent argues that the referenced language in *Montgomery* is not dicta, and even if it were arguably dicta, Petitioner cannot demonstrate that the Missouri court actions were contrary to clearly established federal law, as required for habeas relief. Finally, Respondent argues that Petitioner' arguments that SB 590 is unconstitutional or otherwise inadequate are not properly before the Court because they have not been exhausted in state court in that Petitioner has neither petitioned for parole under SB 590 nor challenged SB 590 in state court.

5

## **DISCUSSION**

Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> "[C]learly established Federal law" for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions. And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (citations omitted); *see also Kernan v. Cuero*, 138 S. Ct. 4, 9 (2017) ("[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'"). Additionally, a petition for habeas corpus cannot be granted unless the petitioner first exhausted his available, non-futile remedies in state court. 28 U.S.C. § 2254(b)(1); *Middleton v. Roper*, 759 F.3d 867, 868-69 (8th Cir. 2014).

Upon careful consideration, the Court concludes that federal habeas relief is not warranted here. The Missouri Supreme Court's denial of Petitioner's state habeas

petition based on SB 590 comported with *Montgomery*, which as noted above, expressly permits the use of parole eligibility to remedy a *Miller* violation. SB 590 incorporates that remedy and further takes into account many of the youth-related concerns identified in *Miller*, such as the offender's age and maturity, family environment, circumstances of the offense, and prospects for rehabilitation. As such, the Missouri Supreme Court's denial was not contrary to or an unreasonable application of clearly established federal law. *See, e.g.*, *Ramirez v. Griffith* No. 4:16-CV-01058 DW, ECF No. 8 at 5-6 (W.D. Mo. Dec. 2, 2016) (holding the same), *cert. of appealability denied*, No. 17–1478 (8th Cir. Aug. 3, 2017).

To the extent that Petitioner is independently challenging the constitutionality of SB 590, it is not clear that a federal habeas petition is the proper vehicle to make such an argument. *See, e.g.*, *Roberts v. Cassady*, No. 4:16-CV-01361 CDP, ECF No. 3 at 4 (E.D. Mo. Aug. 26, 2016) (holding with respect to a federal habeas petitioner's challenges to SB 590, that "[i]t appears . . . that petitioner is arguing for the invalidation of a newly adopted state statute within the guise of his federal habeas proceeding. The Court does not believe this is the proper venue for making such an argument"). And in any event, as another judge in this District has held with respect to similar claims, Petitioner has failed to exhaust such claims in state court and has not shown that the exhaustion requirement should be excused. *See Davis v. Griffith*, No. 4:16-CV-377 CAS, 2017 WL 5518022, at *3 (E.D. Mo. Nov. 17, 2017) (holding that "none of petitioner's claims contained in the First Amended Petition for Writ of Habeas Corpus are exhausted because the enactment of Senate Bill 590 broadens petitioner's claims under *Miller* and *Montgomery* such that

7

they have not been properly raised before the state courts," and that the petitioner had a non-futile state court remedy available to him in the form of a new petition pursuant to Missouri Supreme Court Rule 91). Nor has Petitioner demonstrated a likelihood of success on the merits with respect to a constitutional challenge to SB 590 such that a stay pending exhaustion, even if authorized in a case like this, would be warranted. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Middleton*, 759 F.3d at 868-69.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Carlos Saddler for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not be issued in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2018.